IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Michael E. Holmes, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:11cv57 (JCC/JFA) |
| ) | |
| Director, Department of Corrections, ) | |
|     Respondent. ) | |

MEMORANDUM OPINION

Michael E. Holmes, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 26, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibit. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, respondent's Motion to Dismiss must be granted, and petitioner's claims must be dismissed.

I. Background

Petitioner is incarcerated pursuant to a final order entered on March 14, 2007, in the Circuit Court for the Roanoke, Virginia. Following a jury trial, petitioner was convicted of first-degree murder, aggravated malicious wounding, statutory burglary, malicious discharge of a firearm into an occupied building, and two counts of use of a firearm in the commission of a felony. Commonwealth v. Holmes, Case Nos. CR05-1192-1193, CR05-1534-1535. The jury recommended that petitioner be sentenced to life in prison plus fifty-eight years. The trial court sentenced petitioner in accordance with the jury's recommendation, but suspended all but sixty-three years of the sentence. Id.

1

Petitioner appealed his conviction to the Court of Appeals of Virginia, alleging five assignments of error. The only assignment of error relevant to this proceeding is error III, which alleged that the trial court erred in granting jury instruction 19. Jury instruction 19 stated that the jury was not required to accept the opinion of the expert witness who testified regarding the defendant's sanity.

Petitioner's appeal was denied on January 10, 2008. R. No. 0905-07-3. Petitioner requested consideration by a three-judge panel, which was granted on the issue of whether the trial court erred in granting the Commonwealth's motion in limine to exclude evidence of the consequences of a finding of not guilty by reason of insanity. Order Mar. 27, 2008, R. No. 0905-070-3. In an unpublished order dated November 25, 2008, the Court of Appeals affirmed the judgment of the trial court. R. No. 0905-07-3. Petitioner then filed a motion for rehearing en banc, which the Court of Appeals denied on January 6, 2009. Id.

Petitioner then appealed to the Supreme Court of Virginia, alleging the following three assignments of error:

> (1) The Court of Appeals erred in approving the Circuit Court's granting of the Commonwealth's motion in limine to exclude evidence of the consequences of a finding of not guilty by reason of insanity, and in ruling such evidence inadmissible, barring mention of it during any point in the trial and disallowing corresponding instructions.
>
> (2) The Circuit Court erred in not setting aside the verdicts because the evidence was insufficient as a matter of law to sustain convictions in light of the evidence presented of the defendant's insanity at the time of the offense.
>
> (3) The Circuit Court erred in not granting the defendant's Motion to Reduce Sentence because incarceration without treatment for his mental illness is cruel and unusual punishment.

State Pet. for Appeal at 10, R. No. 090256.

The Supreme Court of Virginia refused the petition for appeal on May 28, 2009. R. No. 090256. Petitioner's request for a rehearing was refused on September 24, 2009. Id.

On June 20, 2010, petitioner filed a state habeas petition in the Supreme Court of Virginia, raising the following claims:

> (1) Trial counsel was ineffective for failing to object to the Commonwealth's motion in limine to exclude any references to the consequences/disposition of a not guilty by reason of insanity verdict and to preclude the defense from presenting evidence, argument, or voir dire questioning regarding the insanity defense.
>
> (2) Trial counsel was ineffective for committing Rule 5A:18 for not objecting to the Commonwealth's motion in limine; counsel was also ineffective for advising petitioner not to accept a plea offer despite petitioner's desire to do so because counsel told petitioner that there was a "strong possibility [counsel] could beat the case."
>
> (3) Trial counsel was ineffective for failing to question petitioner's competence to turn down the Commonwealth's plea offers.

State Pet. Attach. R. No. 101256. The Supreme Court of Virginia dismissed the petition on December 6, 2010. R. No. 101256.

Petitioner filed the instant federal petition on January 11, 2011,[1] alleging that he received ineffective assistance of appellate counsel. Specifically, petitioner argues that his appellate counsel was ineffective because she failed to "present Question number III" on direct appeal. It appears that petitioner is referring to the third assignment of error raised on direct appeal, which alleged that the trial court erred in granting jury instruction 19. Petitioner does not raise any other claims.

---

[1] For incarcerated persons, a pleading is considered filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certifies that he placed his petition into the prison mailing system on January 11, 2011. Pet. at 14; ECF No. 1.

3

## II. Exhaustion and Procedural Bar

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Anderson v. Harless, 459 U.S. 4 (1982); Pitchess v. Davis, 421 U.S. 482 (1975); Picard v. Connor, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that her continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.

Careful review of the state court records in this case reveals that petitioner has not exhausted his current claim because he has not presented the same factual and legal issues to the Supreme Court of Virginia. Although the claims petitioner presented on direct appeal and in his state habeas are somewhat similar to the claim presented in the instant petition "the mere similarity of claims in insufficient to exhaust." Duncan, 513 U.S. at 366; see also Anderson v. Harless, 458 U.S. 4, 6 (1982). The exhaustion requirement requires that the "ground relied upon must be presented face-up and squarely" to the state courts and "the federal question must be

plainly defined." Mallory v. Smith, 836 F.3d 991, 995 (4th Cir. 1994). "Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Id.

Applying these principles, petitioner's claim is unexhausted. On direct appeal, petitioner raised the same factual claim but a different legal theory when he argued that the trial court erred in granting jury instruction 19. In his state habeas, petitioner asserted the same legal theory, but a different factual claim when he alleged he received ineffective assistance of trial counsel because his counsel failed to object to the Commonwealth's motion in limine, which dealt exclusively with excluding evidence of the consequences of finding an individual not guilty by reason of insanity. Therefore, the petitioner failed to present his claim "face-up and squarely" to the Supreme Court of Virginia. Accordingly, this claim is unexhausted for purposes of federal review.

This does not end the exhaustion analysis, however, because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, if petitioner were to now attempt to raise his claim in the Supreme Court of Virginia it would be barred as both untimely and successive pursuant to Va. Code § 8.01-654(A)(2) and § 8.01-654(B)(2), respectively. The Fourth Circuit has held on numerous occasions that the procedural default rules set forth in § 8.01-654(A)(2) and § 8.01-654(B)(2)

constitute adequate and independent state-law grounds for decision. See Clagette v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, petitioner's claim must be dismissed as procedurally defaulted unless petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). In this case, petitioner's response to the Motion to Dismiss makes no argument regarding cause and prejudice or a fundamental miscarriage of justice. Therefore, the petition must be dismissed as simultaneously exhausted and defaulted.

## V. Conclusion

For the above stated reasons, this petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 24th day of January 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge